Exhibit 1

# IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROGER HALL, | Case No. 26-cv-01441 |
| Plaintiff, | |
| v. | **Judge Charles P. Kocoras** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Keri L. Holleb Hotaling** |
| Defendants. | |

## PRELIMINARY INJUNCTION ORDER

Plaintiff ROGER HALL ("Hall" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Hall's Motion as follows.

This Court finds Hall has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 13, 2026, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Hall has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Hall's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-453-766; VA 2-453-771; VA 2-453-743; VA 2-453-763; VA 2-453-750; VA 2-453-761; VA 2-453-813; VA 2-453-810; VA 2-453-756; VA 2-453-775; VA 2-453-744; VA 2-453-812; VA 2-453-769; VA 2-453-748; VA 2-453-758; VA 2-453-772; VA 2-453-806; and VA 2-453-745 (collectively, the "Roger Hall Works") to residents of Illinois. In this case, Hall has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Roger Hall Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Roger Hall Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Hall's previously granted Motion for Entry of a TRO establishes that Hall has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Hall will suffer irreparable harm if the injunction is not granted.

Specifically, Hall has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the owner of the registered Roger Hall Works, (2) Defendants are not licensed or authorized to use any of the Roger Hall Works, and (3) Defendants' use of the Roger Hall Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Hall. Furthermore, Defendants' continued and unauthorized use of the Roger Hall Works

2

irreparably harms Hall through diminished goodwill and brand confidence, damage to Hall's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Hall has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Roger Hall Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Hall product or not authorized by Hall to be sold in connection with the Roger Hall Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Hall product or any other product produced by Hall, that is not Hall's or not produced under the authorization, control, or supervision of Hall and approved by Hall for sale under the Roger Hall Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Hall, or are sponsored by, approved by, or otherwise connected with Hall; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Hall, nor authorized by Hall to be

3

sold or offered for sale, and which bear any of Hall's copyrights, including the Roger Hall Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Hall's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Hall expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of

4

any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Temu, and Walmart or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Hall's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Roger Hall Works.

5. Any Third Party Providers, including Amazon, Temu, and Walmart shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Roger Hall, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Hall may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Roger Hall and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "zhouyijian33 and all other Defendants identified in the

5

Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Exhibit 2 to the Declaration of Roger Hall [16], and the TRO [19] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The ten thousand dollar ($10,000) bond posted by Hall shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: 3/20/2026

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KRISTEN MARIE BOYDSTUN,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED ON SCHEDULE "A",<br><br>        Defendants. | Case No. 26-cv-01716<br><br>**Judge Charles P. Kocoras**<br><br>**Magistrate Judge Laura K. McNally** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff KRISTEN MARIE BOYDSTUN ("Boydstun" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Boydstun's Motion as follows.

This Court finds Boydstun has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 18, 2026, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Boydstun has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Boydstun's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-454-562; VA 2-456-054; VA 2-457-659; VA 2-457-663; VA 2-457-662; VA 2-456-056; and VA 2-457-661 (collectively, the "Kristen Boydstun Works") to residents of Illinois. In this case, Boydstun has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Kristen Boydstun Works. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Kristen Boydstun Works.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Boydstun's previously granted Motion for Entry of a TRO establishes that Boydstun has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Boydstun will suffer irreparable harm if the injunction is not granted.

Specifically, Boydstun has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the owner of the registered Kristen Boydstun Works, (2) Defendants are not licensed or authorized to use any of the Kristen Boydstun Works, and (3) Defendants' use of the Kristen Boydstun Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Boydstun. Furthermore, Defendants' continued and unauthorized use of the Kristen Boydstun Works irreparably harms Boydstun through diminished goodwill and brand confidence, damage to Boydstun's reputation, loss of exclusivity, and loss of future sales. Monetary damages

2

fail to address such damage and, therefore, Boydstun has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Kristen Boydstun Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Boydstun product or not authorized by Boydstun to be sold in connection with the Kristen Boydstun Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Boydstun product or any other product produced by Boydstun, that is not Boydstun's or not produced under the authorization, control, or supervision of Boydstun and approved by Boydstun for sale under the Kristen Boydstun Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Boydstun, or are sponsored by, approved by, or otherwise connected with Boydstun; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Boydstun, nor authorized by Boydstun to be sold or offered for sale, and which bear any of Boydstun's copyrights,

3

including the Kristen Boydstun Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Boydstun's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon") and Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Boydstun expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of

4

any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon and Temu, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4.  Upon Boydstun's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Kristen Boydstun Works.

5.  Any Third Party Providers, including Amazon and Temu, shall, within seven (7) calendar days of receipt of this Order:

    a.  locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Kristen Marie Boydstun, and any e-mail addresses provided for Defendants by third parties; and

    b.  restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6.  Boydstun may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Kristen Marie Boydstun and any e-mail

addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Shuimu Qin and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7.  Plaintiff's Exhibit 2 to the Declaration of Kristen Marie Boydstun [15], and the TRO [18] are unsealed.

8.  Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9.  The ten thousand dollar ($10,000) bond posted by Boydstun shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Charles P. Kocoras
Charles P. Kocoras
United States District Judge

Dated: 3/18/2026

6