**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NADINE SPENGLER,

      Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-04974

Judge Charles P. Kocoras

Magistrate Judge Jeannice W. Appenteng

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE**
**DEFENDANTS IDENTIFIED IN FIRST AMENDED SCHEDULE A**

Plaintiff, NADINE SPENGLER ("Spengler" or "Plaintiff"), submits the following memorandum in support of Plaintiff's Motion for Entry of Default and Default Judgment under Fed. R. Civ. P. 55 against the Defendants identified in the First Amended Schedule A (collectively, the "Defaulting Defendants") based on Plaintiff's action for copyright infringement (Count I). Excluded from this motion are defendants that have satisfied the requirements of a settlement with Plaintiff.

Plaintiff is the owner of the copyright registration that protects the creative content of the Nadine Spengler Work. Complaint [1] at ¶ 8. Plaintiff is a freelance artist, focusing on illustration, animation, and character design. *Id.* Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Nadine Spengler Work. *Id.* at ¶ 9. Thus, products associated with the Nadine Spengler Work are widely recognized and exclusively associated by consumers, the public, and the trade as being associated with and authorized by Spengler. *Id.*

The success of the Nadine Spengler Work is due in large part to Plaintiff's marketing, promotional, and distribution efforts. *Id.* at ¶ 13. As a result of Spengler's efforts, the quality of Plaintiff's Nadine Spengler Products, the promotional efforts for Plaintiff's products and designs, press and media coverage, and social media coverage, members of the public have become familiar with the Nadine Spengler Work and associate it exclusively with Spengler. *Id.* at ¶ 14. Spengler has made efforts to protect her interests in and to the Nadine Spengler Work. *Id.* at ¶ 15. No one other than Spengler and Plaintiff's licensees are authorized to manufacture, import, export, advertise, create derivative work, offer for sale, or sell any goods utilizing the Nadine Spengler Work without the express written permission of Spengler. *Id.*

On information and belief, the Defendants create numerous Defendant Internet Stores and design them to appear to be selling genuine Plaintiff products, while selling inferior imitations of Plaintiff's products. *Id.* at ¶¶ 6, 11. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences. *Id*. at ¶ 7. Defaulting Defendants conduct business throughout the United States, including within the State of Illinois and this judicial district, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant online marketplace accounts (collectively, the "Defendant Internet Stores") identified in the First Amended Schedule A. *Id*. at ¶¶ 2, 16. Each Defaulting Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Infringing Nadine Spengler Products to consumers within the United States, including the State of Illinois. *Id*.

Plaintiff filed this action on April 30, 2026, alleging copyright infringement and seeking statutory damages and injunctive relief. [1]. This Court granted Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order (the "TRO") on May 6, 2026 [18] and subsequently converted the TRO into a Preliminary Injunction on June 3, 2026. [31]. Paragraph 7 of the TRO permitted Plaintiff to complete service of process to Defendants by electronic publication or by sending an e-mail to the e-mail addresses identified in Exhibit 2 to the Declaration of Nadine Spengler and any e-mail addresses provided for Defendants by third parties. The Defendants identified in the First Amended Schedule A that are associated with Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), Roadget Business Pte. Ltd. ("SHEIN"), and Walmart Inc. ("Walmart") accounts were properly served on May 27, 2026. [28]. None of the Defaulting Defendants have entered an appearance or otherwise defended this action. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶ 2.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Plaintiff now moves this Court for an Order entering default and default judgment, finding that Defaulting Defendants are liable on Count I of Plaintiff's Complaint. Fed. R. Civ. P. 55(a) and (b)(2). Plaintiff further seeks an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and that all assets in Defaulting Defendants' financial accounts operated by Amazon, Temu, SHEIN, and Walmart, as well as any newly discovered assets, be transferred to Plaintiff.

## ARGUMENT

**I.     JURISDICTION AND VENUE ARE PROPER IN THIS COURT**

3

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in Illinois and causes harm to Plaintiff's business within this judicial district. *See* [1] at ¶ 2; *uBID, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 423-24 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a prima facie case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in its favor).

Through at least the fully interactive commercial internet websites and online marketplace accounts operating under the Defendant Internet Stores, each of the Defaulting Defendants has targeted sales from Illinois residents by operating websites and/or online marketplace accounts that offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products bearing infringing versions of Plaintiff's federally registered copyright to residents of Illinois. [1] at ¶ 2. As such, personal jurisdiction is proper since each of the Defaulting Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois. *See, e.g., NBA Properties, Inc. v. HANWJH,* No. 21-2909, 2022 WL 3367823, at *7 (7th Cir. Aug. 16, 2022) (concluding that personal jurisdiction is proper when a defendant purposefully directs its actions to Illinois via third-party online retailers); *see also, e.g., Kristen Marie Boydstun v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-01716 (N.D. Ill. Apr. 6, 2026); *Roger Hall v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-01441 (N.D. Ill. Apr. 16, 2026).

## II. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On April 30, 2026, Plaintiff filed the Complaint alleging Copyright Infringement (Count I). The Defendants were properly served on May 27, 2026. [28]. Despite having been served with process, the Defaulting Defendants have ignored these proceedings and failed to plead or otherwise defend this action. Vogt Declaration at ¶ 2. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. *Id.* at ¶ 3. Accordingly, Plaintiff asks for entry of default against the Defaulting Defendants.

## III. PLAINTIFF HAS MET THE REQUIREMENTS FOR ENTRY OF DEFAULT JUDGMENT

Rule 55(b)(2) of the Federal Rules of Civil Procedure provides for a court-ordered default judgment. A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action alleged in the complaint. *United States v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989). When the Court determines that a defendant is in default, the factual allegations of the complaint are taken as true and may not be challenged, and the defendants are liable as a matter of law as to each cause of action alleged in the complaint. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994).

At least twenty-one (21) days have passed since Defendants were served, and no answer or other responsive pleading has been filed by any of the Defaulting Defendants identified in the First Amended Schedule A. *See* Fed. R. Civ. P. 12(a)(1)(A). Accordingly, default judgment is appropriate and, consistent with previous similar cases in front of this Court, Plaintiff requests an award of statutory damages as authorized by 17 U.S.C. §504(c)(2) for willful copyright

5

infringement. Plaintiff also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products, and an order that all assets in Defaulting Defendants' financial accounts operated by Amazon, Temu, SHEIN, and Walmart, as well as any newly identified accounts, be transferred to Plaintiff.

### A.    Copyright Infringement

To properly plead a claim of copyright infringement under 17 U.S.C. § 501, a plaintiff must prove two elements: (1) ownership of a valid copyright and (2) copying of constituent elements of the work that are original. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 914 (7th Cir. 2007). Moreover, copyright protection extends to work derived from the original work since Section 101 of the Copyright Act defines a "derivative work" as "a work based upon one or more preexisting work, such as a translation, musical arrangement, dramatization, fictionalization . . ., or any other form in which a work may be recast, transformed, or adapted." 17 U.S.C. § 101.

Here, Spengler owns the registered copyright in the Nadine Spengler Work. [1] at ¶¶ 3, 5, 10. Spengler alleged in the Complaint that the Nadine Spengler Work has been infringed. *Id*. at ¶¶ 17-22. Since the Defaulting Defendants have failed to respond or otherwise plead in this matter, the Court must accept the allegations contained in Plaintiff's Complaint as true. *See* Fed. R. Civ. P. 8(b)(6); *Am. Taxi Dispatch, Inc., v. Am. Metro Taxi & Limo Co.,* 582 F. Supp. 2d 999, 1004 (N.D. Ill. 2008). Accordingly, Spengler requests entry of judgment with respect to Count I for willful copyright infringement against the Defaulting Defendants.

### B.    Statutory Damages Are Appropriate in this Case

Pursuant to the statutory damages provision of the Copyright Act, 17 U.S.C. § 504(c)(1), a plaintiff in a case involving the use of a copyright infringement may elect to receive "not less

than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). When the copyright infringement is found to be willful, 17 U.S.C. § 504(c)(2) provides for statutory damages "to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

The Seventh Circuit's standard for awarding statutory damages for copyright infringement under 17 U.S.C. § 504(c) is articulated in *Chi-Boy Music v. Charlie Club*, 930 F.2d 1224, 1229 (7th Cir. 1991). Further, in the Seventh Circuit, infringing conduct is willful where the defendant knows that his conduct constitutes infringement or where he shows reckless disregard of the copyright owner's rights. *See Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 511 (7th Cir. 1994). As such, knowledge need not be proven directly but can be inferred from a defendant's conduct. *In re Aimster Copyright Litigation*, 334 F.3d 643, 650 (7th Cir. 2003) (Finding that "[w]illful blindness is knowledge, in copyright law").

Here, Defendants had knowledge that their activities constituted infringement or at least a reckless disregard of Plaintiff's rights in the Nadine Spengler Work because Defendants are intentionally coupling the Infringing Nadine Spengler Products with goods derived from the image in Plaintiff's copyrighted work. Thus, Plaintiff's request for a statutory damages award of one hundred thousand dollars ($100,000) per Defaulting Defendant for willful copyright infringement of the Nadine Spengler Work is appropriate. *See, e.g., Kristen Marie Boydstun v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01716 (N.D. Ill. Apr. 6, 2026); *Roger Hall v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01441 (N.D. Ill. Apr. 16, 2026).

The USPTO's Office of Policy and International Affairs and the National Telecommunications and Information Administration ("NTIA"), together working as part of the Department of Commerce's Internet Policy Task Force, conducted a review of the relationship

between the availability and protection of online copyrighted work and innovation in the internet economy. The Internet Policy Task Force's White Paper on Remixes, First Sale, and Statutory Damages (White Paper) was published on January 28, 2016 (*see* Exhibit 1), which recognizes in copyright law that reduced damages may be warranted to avoid impeding new creative work, e.g., remixes – works created through changing and combining existing work to produce something new and creative – as part of a trend of user generated content. *Id.* at 98. However, in cases of willful infringement, such as before this Court, the same report finds that high statutory damages are warranted since "[t]hese circumstances present the clearest need for deterrence and punishment. *Id.* at 99. Moreover, regarding straight-out counterfeiting where impeding creativity is not a concern, The Office of the U. S. Trade Representative issued findings of the Special 301 Out-of-Cycle Review of Notorious Markets for 2015, December 2015 (*see* Exhibit 2), highlighted disturbing trends in the marketing and distribution of counterfeit goods online, with escalating levels of counterfeit sales online including an increase in the services that support such operations.

Accordingly, a significant consideration should be whether infringing sales were made over the internet, the rationale being that sales over the internet increase the amount of an award because use of the internet made the infringement widely available. A finding of willful infringement is warranted along with an award of $100,000 in statutory damages. *See, e.g., Kristen Marie Boydstun v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01716 (N.D. Ill. Apr. 6, 2026); *Roger Hall v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01441 (N.D. Ill. Apr. 16, 2026).

### C. Plaintiff is Entitled to Permanent Injunctive Relief

In addition to the foregoing relief, Plaintiff respectfully requests entry of a permanent injunction enjoining Defaulting Defendants from infringing or otherwise violating Plaintiff's

Nadine Spengler Work, including at least all injunctive relief previously awarded by this Court to Plaintiff in the TRO and Preliminary Injunction. Plaintiff is also entitled to injunctive relief so she can take action against any new websites and online marketplace accounts that are identified, found to be linked to Defaulting Defendants, and selling infringing Nadine Spengler Products. *See, e.g., Kristen Marie Boydstun v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01716 (N.D. Ill. Apr. 6, 2026); *Roger Hall v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 26-cv-01441 (N.D. Ill. Apr. 16, 2026).

## IV.    CONCLUSION

Plaintiff respectfully requests that the Court enter default and default judgment against each Defaulting Defendant, award statutory damages in the amount of one hundred thousand dollars ($100,000) per Defaulting Defendant pursuant to 17 U.S.C. § 504(c)(2), and enter a permanent injunction order prohibiting Defaulting Defendants from selling Infringing Nadine Spengler Products and transferring all assets in Defaulting Defendants' financial accounts operated by Amazon, Temu, SHEIN, and Walmart to Plaintiff.

DATED: June 18, 2026                          Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website, and I will send an e-mail to any e-mail addresses provided for Defendants by third parties that includes a link to said website.

<u>/s/ *Keith A. Vogt*</u>
Keith A. Vogt, Esq.