# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NADINE SPENGLER,

      Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

Case No.: 1:26-cv-04974

Judge Charles P. Kocoras

Magistrate Judge Jeannice W. Appenteng

**PLAINTIFF'S STATUS REPORT**

Plaintiff, NADINE SPENGLER ("Plaintiff"), respectfully submits this status report pursuant to the Court's Minute Entry Orders [38] and [40], which directed Plaintiff to file, by July 8, 2026, either a renewed motion for entry of default and default judgment or a status report updating the Court on Plaintiff's efforts to accomplish service of process in accord with *Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 2026 WL 1502198 (7th Cir. May 29, 2026). Plaintiff hereby states as follows:

On June 23, 2026, the Court denied without prejudice Plaintiff's motion for entry of default and default judgment [33], directing that any renewed motion establish, per defaulting Defendant, why email service is proper under *Kangol* — that is, that each Defendant's physical address remains unknown after reasonably diligent efforts to ascertain it — and that the Court has personal jurisdiction over each such Defendant under *Liu v. Monthly*, 170 F.4th 1090 (7th Cir. 2026). [38]. Service of process in this action was authorized by email and electronic publication under Federal Rule of Civil Procedure 4(f)(3). [18].

1

Since entry of the preliminary injunction [31], Plaintiff has voluntarily dismissed twelve Defendants. *See* [32] (Defendant Nos. 2, 3, 10, 12, 13, 47, 68, 77, and 78), [37] (Defendant Nos. 8 and 44), and [41] (Defendant No. 25).

Several of the remaining Defendants, including Defendant Nos. 14, 17, and 22, have retained counsel and are engaged in active settlement negotiations with Plaintiff. Plaintiff anticipates that these discussions will resolve and further narrow the case within the period requested below.

As to the remaining Defendants, Plaintiff has undertaken, and is continuing, a per-Defendant investigation to determine whether a physical address can be ascertained through reasonably diligent efforts, as *Kangol* requires. For each Defendant, Plaintiff has reviewed the address the Defendant disclosed to its online marketplace and is searching that address in Google and Google Maps and, because the disclosed addresses are in Chinese, in the leading Chinese-language mapping service, Baidu Maps, and searching the PRC enterprise registry by both the disclosed address and the storefront name. Those efforts are intended to separate the Defendants whose physical addresses remain unknown after diligent efforts, for whom electronic service is proper under *Kangol*, from any Defendant with an ascertainable, deliverable physical address and as to whom Plaintiff will pursue service under the Hague Convention.

That investigation is substantially underway but is not yet complete as to every remaining Defendant. Plaintiff therefore respectfully requests forty-five (45) days, up to and including August 22, 2026, to complete these efforts or to settle with the Defendants, after which Plaintiff will file either a renewed motion for entry of default and default judgment consistent with *Kangol* and *Liu*, or a further status report. Plaintiff respectfully requests that the Court set a further status date accordingly.

2

DATED: July 7, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084 / IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

**ATTORNEY FOR PLAINTIFF**

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on July 7, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all registered attorneys of record.

/s/ Keith A. Vogt
Keith A. Vogt

4